Cite as 2025 Ark. App. 425

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-24-360

| | | |
|---|---|---|
| | | Opinion Delivered September 17, 2025 |
| TERESA GRYDER | | |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| V. | | [NO. 23PR-23-296] |
| ASHLEY AND KENDALL BEARD | | HONORABLE SUSAN WEAVER, |
| | APPELLEES | JUDGE |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Chief Judge

Teresa Gryder appeals from the order of the Faulkner County Circuit Court denying her motion to intervene in the stepparent-adoption case involving her grandchild. On appeal, Gryder argues that the circuit court erred because she was already a party to the case and because her motion complied with Arkansas Rule of Civil Procedure 24. We affirm.

Gryder is the maternal grandmother of a child born in 2016 to her daughter, Kessie Ritchey, and Kendall Beard. Ritchey is deceased. Kendall is married to Ashley Beard, and in May 2023, they filed a petition for Ashley to adopt the child. Gryder was served with the petition for adoption and subsequently filed a motion to intervene. In her motion to intervene, Gryder asserted that she had filed a petition for grandparent visitation in another division of the Faulkner County Circuit Court; that disposition of the adoption action would impair or impede her interest in the action; and that it was not in the child's best

interest that the adoption petition be granted. She attached a proposed response to the petition for adoption in which she requested that it be denied. Gryder also filed a motion to transfer the adoption case so that it could be heard with her grandparent-visitation case. Following a hearing in July 2023, the circuit court transferred the adoption case to the First Division of the Faulkner County Circuit Court.

In August 2023, an agreed temporary order was entered in the adoption case, awarding Gryder overnight visitation with the child once a month. In October 2023, Gryder filed a motion requesting that the court appoint an attorney ad litem. The Beards opposed the motion, and a hearing was set for March 4, 2024. Neither Gryder nor her attorney appeared at the March 4 hearing. The court noted that Gryder's motion to intervene had never been granted. The court subsequently entered an order denying Gryder's motion to intervene, setting aside the agreed temporary order, and denying Gryder's motion for an attorney ad litem. Gryder moved for reconsideration, asserting that her counsel mistakenly believed the hearing was scheduled for March 14. The motion was denied.

On appeal, Gryder first argues that the court erred in denying her motion to intervene because she had already been made a party to the case at the July 2023 hearing and in the resulting order to transfer. She argues, without citation to authority, that the court could not have had jurisdiction over her motion to transfer if it did not intend to grant her motion to intervene. She also argues that the Beards should have been estopped from requesting her motion to intervene be denied because they did not oppose her intervention before the March 2024 hearing. At the July 2023 hearing, counsel for the Beards stated that "it's our

position that the intervention is not necessary as this Court can grant visitation to the biological maternal grandmother without the necessity of intervention. But we're not going to oppose it." Gryder claims that the Beards acknowledged her intervention as a right by stating that she "is here because her daughter, unfortunately, is deceased and we have no objection to her receiving visitation." She argues that the agreed order for visitation also shows that she was treated as a party.

We disagree. Gryder's motion to intervene was never granted orally or in writing. The court at the July 2023 hearing opined that one judge should hear both the adoption case and the visitation case. The Beards had no objection to this. The court made no mention of the motion to intervene, and the resulting order only transferred the case. Additionally, the Beards' agreement to Gryder's appearance and to giving Gryder visitation does not mean that Gryder became a party. Gryder was entitled to notice of the adoption proceedings pursuant to Arkansas Code Annotated section 9-9-212(f) (Supp. 2023) as the parent of the child's deceased parent. However, this statute does not grant to grandparents a right to intervene or a right to be heard in adoption proceedings. *In re Adoption of Tompkins*, 341 Ark. 949, 20 S.W.3d 385 (2000). Furthermore, visitation rights, without intervention, can be awarded to the parent of a deceased parent in a stepparent-adoption case as contemplated in Arkansas Code Annotated section 9-9-215(a)(1) (Repl. 2020). Accordingly, we hold that Gryder's participation did not make her a party to the case or waive the issue.

Gryder next argues that the court erred in finding that her motion to intervene did not comply with Arkansas Rule of Civil Procedure 24. She argues that her motion properly

3

stated that her grounds for intervention were her right to grandparent visitation pursuant to Arkansas Code Annotated section 9-13-103 (Repl. 2020) and her right to contest the adoption as not being in the best interest of the child; furthermore, her proposed response stated her defense that adoption was not in the best interest of the child.

There are two means by which a nonparty may intervene in a lawsuit: as a matter of right and by permission. *In re Adoption of L.W.*, 2020 Ark. App. 79, 595 S.W.3d 49; Ark. R. Civ. P. 24. The former cannot be denied, but the latter is discretionary and will be reversed only if the exercise of that discretion is abused. *Id.* Gryder appears to have asserted below and on appeal that she should have been allowed to intervene as a matter of right. Rule 24(a) provides as follows:

> *Intervention of Right*. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Gryder has failed to cite any authority or develop a convincing argument establishing her entitlement to intervention under this rule. As stated above, Gryder's statutory right to be notified of the adoption proceedings did not grant her a right to intervene or a right to be heard in the adoption proceedings. *In re Adoption of Tompkins*, *supra*. To the extent Gryder contends that the grandparent-visitation statute, section 9-13-103, granted her a right to intervene, the supreme court has held that this statute merely provides a means of petitioning for visitation, which Gryder has done in a separate case, and does not vest grandparents with

an absolute right to visitation or intervention in adoption proceedings. *Suster v. Ark. Dep't of Hum. Servs.*, 314 Ark. 92, 858 S.W.2d 122 (1993). Last, Gryder has not alleged any of the circumstances set out by the supreme court that would show she had a sufficient interest in the adoption of the child such that she was entitled to intervene: that she ever had legal custody of her grandchild, stood *in loco parentis* to her grandchild, or had court-ordered visitation rights before the commencement of the adoption proceedings. *See In re Adoption of Tompkins*, *supra*. Accordingly, she has not shown that she is entitled to intervene in the adoption case.

Affirmed.

VIRDEN and WOOD, JJ., agree.

*April Rogers Law, PLLC*, by: *April K. Rogers*, for appellant.

One brief only.